IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| EDDIE PATTERSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 9:02CV175 |
| v. | § | |
| | § | |
| ALLSEAS USA, INC., f/k/a ALLSEAS | § | JUDGE RON CLARK |
| SERVICES USA, INC.; ALLSEAS MARINE | § | |
| CONTRACTORS, S.A.; ALLSEAS MARINE | § | |
| SERVICES NV, and THE LORELAY | § | |

*Defendant.*

## ORDER re: DEFENDANT'S BILL OF COSTS

Before the court is Defendant's Motion for Taxation of Costs [Doc. #133]. This case comes to the court on mandate from the Fifth Circuit and Defendant is now the prevailing party. Defendant submitted a proposed bill of costs along with the motion seeking to recover its costs under Fed. R. Civ. P. 54(d). The court finds the following costs reasonable.

**A. Depositions** = **$11,183.51**

Costs associated with depositions come under § 1920(2) and § 1920(4). *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see U.S. v. Kolesar*, 313 F.2d 835, 836-37 (5th Cir. 1963). The deposition must, at the time it was taken, be expected to be used for trial preparation, rather than merely for discovery. *Fogleman*, 920 F.2d 278, 285. The same applies to a deposition copy, so long as the copy is not obtained for the mere convenience of counsel. *Id.* The cost of depositions received into evidence is taxable. *In re Nissan Antitrust Litiation*, 577 F.2d 910, 918 (5th Cir. 1978). If the deposition is not received into evidence, but is reasonably necessary to prepare a defense, the court may include it as a taxable cost. *Allen v. U.S. Steel*

*Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). Those requesting costs bear the burden of furnishing a reasonable accounting detailing the basis for each request, and each expenditure must be supported by some evidence. *Cooper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099, (5th Cir. 1982), *overruled in part on other grounds by International Woodworkers of America v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). The form used for costs in the Eastern District, on which Defendant submitted its Bill of Costs, also states that a party needs to attach documentation for requested costs.

In light of Plaintiff's claims against Defendant for various physical ailments, at the time they were taken, the court finds that the all written depositions regarding Plaintiff's medical records were expected to be used for trial preparation. Additionally, numerous depositions were received into evidence and so are taxable. However, costs are not awarded for any charges that are not supported by at least some evidence. Moreover, costs are not awarded for the ASCII charges, and for the fees charged when a medical record request was cancelled.

Since Plaintiff does not object to the bill of costs and for convenience, the court will only itemize the deposition costs that are being modified.[1] The court finds that the taxable costs listed below are supported by some evidence and that these depositions were reasonable and necessary for use at trial.

1. George Glass(11)=        **$141.19**
2. Robert Sparks(46)=       **$240**
3. Les T. Sandkop(47) =     **$75**
4. Eckerd Drug Custodian[2](50,73,78)=**$325.50**

---

[1] The number in parenthesis next to the name corresponds to the item number listed in Defendant's Bill of Costs.

[2] Defendant submitted three separate receipts from Eckerd. The amount listed includes the total of the three receipts.

5. McGaughey Drug Store(51) =**$102.50**
6. North Texas Heart Center(52)=**$75**
7.  Paul Zopolsky(53)=	**$157.50**
8.  Robert Mark Hoyle(54) = **$75**
9.  Walgreens Company(55)=**$124.50**
10. Texas Cardiac Assoc.(57)=	**$145.16**
11. Him Bindu Edupuganti(59)=	**$104.65**
12. Wal-Mart[3] (61,71)=	**$113.50**
13. Rockwell Drugs/Albertsons(62) =**$1.40**
14. Lake Pointe Medical Center(63)= **$416.55**
15. P.E. Sandal(67)=	**$453.18**
16. Save Mart Pharmacy(68)=**$2,746.38**
17. Cesar Gregorio(70)=	**$40**
18. Neuro Care Network(74)=**$113.83**
19. C.M. Schade(76)=	**$107.12**
20. Brookshire Food Store(80)=**$128.9**
21. Michael Rusty Nicar(81)=**$75**
22. Mamerto M. Jose(82)=	**$88.20**
23. Oak Grove Golf Course(83)=**$96**
24. Remaining Deposition Costs[4] = **$5,237.45**
**Total:	$ 11,183.51**

**B. Transcript of Trial for Appeal = $0.00**

Defendant requests one half of the cost of the trial transcript prepared for appeal. While Defendant would normally be entitled to the trial transcript's cost under Fed. R. App. 39(e), Defendant has not provided the court with any evidence of the cost of the transcript. No amount can be awarded without some evidence. *Cooper Liquor, Inc.*, 684 F.2d at 1099.

**C. Videotape Depositions = $0.00**

Videotaped depositions are not allowed as taxable costs in the Fifth Circuit. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998). Defendant has deleted the costs of the

---

[3] Defendant submitted two separate receipts from Wal-Mart. The amount listed includes the total of the two receipts.

[4] This amount is the total of Items No. 1-4, 12,13, and 15-45 listed in Defendant's Bill of Costs.

videotape depositions from its request.

**D. Copy Costs = $0**.

Under 28 U.S.C. § 1920(4), Defendant is entitled to recover "fees for exemplification and copies of papers necessarily obtained for use in this case." The prevailing party does not need to specifically identify every xerox copy, but does need to make some demonstration that the copies were necessarily obtained for this case. *Fogleman*, 920 F.2d at 286. Here, Defendant states that it is seeking the costs from copying trial exhibits, and discovery items, but does not attach any invoices, receipts detailing the amount, or even an affidavit stating that those were the costs incurred. Defendant gives a mere assertion of how much the copies cost. This court cannot award costs without some documentation of the actual amounts spent. *Cooper Liquor, Inc.*, 684 F.2d at 1099.

Additionally, Defendant requests costs for making copies of various VHS tapes and the cost of editing the depositions. Noticeably, these items are not exemplification and copies of papers, and there is no other provision in § 1920 that covers copies of tapes and editing of depositions. A district court "may not award costs omitted from the list [in §1920]." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Since Defendant requests costs that are not covered under § 1920 and does not provide at least some evidence of the cost for copies of paper, this court cannot award any costs for copies.

**E. Witness Fees = $5,990.63**

28 U.S.C. § 1920(3) authorizes the taxation of costs for witness fees and 28 U.S.C. § 1821 sets the amount that is recoverable. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Under 28 U.S.C. § 1821, a party may recover attendance fees for witnesses at trial or

in a deposition, and for the time necessarily occupied in going to and returning from the place of the trial or deposition, in the amount of $40.00 per day. § 1821 also allows taxation for reasonable travel, lodging, and subsistence costs for a witness during this period.

In its witness fee request, Defendant requests the expenses for its counsel's travel to and from the depositions. There is no statutory authorization for recovery of counsel's travel to the depositions, and the assessment of costs is limited to those items stated in § 1920 and § 1821. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987). The court finds the following witness costs reasonable in this case.

1. George Glass= **$171**
2. Bruce Weiner = **$40**
3. Henk van Hammen =**$2,782.42**
4. Jeffery Woodward =**$1,542.35**
5. Lodewijk Wijngaard=**$1,254.86**
6. Tom Moore= **$40**
7. John Butler= **$40**
8. Edward Heerema= **$40**
9. Hans van Maris= **$40**
10. Ica Thomsen= **$40**
**Total:** **$5,990.63**

**F. Supersedeas Bond= $7,500**

Defendant requests costs for the amount of obtaining the supersedeas bond pending appeal. Fed. R. App. P. 39(e) states that the premiums paid for a supersedeas bond to preserve rights pending appeal are taxable costs in the district court. The documentation given by Defendant shows that the amount for obtaining the bond was **$ 7,500**. The court finds that Defendant is entitled to this amount.

**G. Costs on Appeal= $0.00**

Fed. R. App. P. 39(e) lists what costs on appeal are taxable in the district court. *See* 16A

Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3985.1 (3d ed. 1999). The Circuit Court determines the award of costs on appeal in regard to any item not listed in Fed. R. App. 39(e). *See* 16A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3985 (3d ed. 1999). The Fifth Circuit entered an order directing Plaintiff to pay Defendant $418 for Defendant's costs on appeal. *See* Doc. # 130. Defendant does not allege any grounds for recovery under Fed. R. App. P. 39(e) and only seeks the $418 previously awarded. This court finds that Defendant is not entitled to an additional award of the costs on appeal because they are not properly taxable in the district court, and they have already been awarded by the Fifth Circuit.

## Conclusion

The total amount of Defendant's Bill of Costs in this court that this court finds reasonable and in accordance with 28 U.S.C. § § 1821, 1920, and Fed. R. App. P. 39 is **$24,674.14**.

IT IS THEREFORE ORDERED that Defendant's Motion to Clarify Costs **[Doc. # 133]** is **GRANTED IN PART** and Plaintiff Eddie Patterson shall pay Defendant Allseas Marine Contractors SA a total sum of **$24,674.14**. (As noted, the Court of Appeals has already ordered Plaintiff to pay an additional $418 to the Defendant.)

So **ORDERED** and **SIGNED** this **13** day of **December, 2005.**

_____
 Ron Clark, United States District Judge